# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**BRANDON KING**                                                                                                          **PLAINTIFF**

v.                                              Case No. 4:18-cv-00874-KGB

**DAVID BEVIS, Russellville**
**Police Department,** *et al*.                                                                                    **DEFENDANTS**

## ORDER

Plaintiff Brandon King, who is currently an inmate at the Pope County Detention Center, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on November 23, 2018, naming as defendants David Bevis and Dustin Mora of the Russellville Police Department, Pope County Jail Captain Rowdy Sweet, and Pope County Sheriff Shane Jones (Dkt. No. 2). Pending before the Court is Mr. King's motion for leave to proceed *in forma pauperis* and motion for status update (Dkt. Nos. 1, 3).

    **I.**    ***In Forma Pauperis* Application**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, she will be allowed to proceed with her § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4).

If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no

portion of this filing fee will be refunded to the prisoner. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *see also Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) ("The Prison Litigation Reform Act (PLRA) makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal. Thus, when an application to proceed in forma pauperis (IFP) is filed in such a case, 'the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.'") (citations omitted) (quoting *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997)).

Mr. King has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) (Dkt. No. 1). Accordingly, Mr. King's motion to proceed *in forma pauperis* is granted. Based on the information contained in Mr. King's account information sheet, the Court will not assess an initial partial filing fee. Mr. King will be obligated to make monthly payments in the amount of 20 percent of the preceding month's income credited to Mr. King's prison trust account each time the amount in the account exceeds $10.00 until the $350.00 filing fee is fully paid. 28 U.S.C. § 1915(b)(2).

**II.     Background**

Mr. King alleges that on October 30, 2018, he was sitting in a friend's car in the parking lot of the Park Motel in Russellville, Arkansas, when Officers of the Russellville Police Department detained him (Dkt. No. 2, at 4). Several hours later, following the Officers' discovery of a firearm during a search of Room #19, the Officers charged Mr. King with unlawfully discharging a firearm, possession of a firearm by certain persons, and criminal mischief (*Id*.). Based on the allegations in his complaint, Mr. King is currently being held in the Pope County

Detention Center awaiting trial on those charges (*Id*., at 3, 5). He maintains his innocence (*Id*., at 5). Specifically, Mr. King explains that: he did not discharge a firearm and was not in possession or the vicinity of a firearm; the hotel room that the officers searched was not booked in his name; and he was never tested for gun residue at the time of his arrest (*Id*.). He seeks damages (*Id*., at 6).

### III. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief King be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## IV. Discussion

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state-court proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44.

Accordingly, a federal court should abstain from hearing constitutional claims when: (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Id.* at 43-45; *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245 (8th Cir. 2012); *Plouffe v. Ligon*, 606 F.3d 890, 893 (8th Cir. 2010). If these three elements are satisfied, the court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). These exceptions, though, must be narrowly construed. *Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004). "[I]ntervention by federal courts in ongoing state proceedings requires that the 'circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief . . . .'" *Id.* at 779 (internal citation omitted).

The state criminal proceedings against Mr. King are ongoing based on the allegations in Mr. King's complaint, Arkansas clearly has an important interest in enforcing its criminal laws, and Mr. King is able raise any constitutional claims during his state proceedings. Further, Mr.

King does not allege, and his complaint does not otherwise indicate, extraordinary circumstances that would warrant federal intervention in the on-going state-court proceedings. Accordingly, *Younger* abstention is appropriate. When a plaintiff seeks damages, as Mr. King does in this action, his case should be stayed under *Younger* rather than dismissed. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481-82 (8th Cir. 1998). Accordingly, Mr. King's case should be stayed and administratively terminated until the criminal charges against him have been fully resolved, including any appeal. Nothing in Mr. King's recently filed motion for status update changes this Court's analysis of this issue.

**V.     Conclusion**

It is therefore ordered that:

1. Mr. King's motion for leave to proceed *in forma pauperis* is granted (Dkt. No. 1).

2. As Mr. King's present custodian, the Administrator of the Pope County Detention Center, or his designee, or any future custodian, is directed to collect from Mr. King's institutional account the $350.00 filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Mr. King's account each time the amount in the account exceeds $10.00. The Administrator of the Pope County Detention Center, or his designee, or any future custodian, is further directed to forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments also must be clearly identified by the name and number assigned to this action.

3. The Clerk of the Court is directed to send a copy of this order to the Administrator of the Pope County Detention Center, 10 Country Complex Circle, Russellville, Arkansas 72801.

4. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Mr. King's criminal charges.

5. This case is subject to reopening upon Mr. King's filing of a motion to reopen the case after such final disposition of his criminal charges.

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

7. Mr. King's motion for status update is denied as moot (Dkt. No. 3), although the Clerk of Court is directed to send to Mr. King a copy of his motion for status update, including the exhibit attached.

So ordered this the 16th day of May, 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge